432 F.2d 944
 75 L.R.R.M. (BNA) 2430, 64 Lab.Cas. P 11,220
 NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND
AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW),
AFL-CIO, Intervenor, v. The MATHER
COMPANY, FLUOROTEC DIVISION, Respondent.
 No. 20210.
 United States Court of Appeals, Sixth Circuit.
 Oct. 9, 1970.
 
 Stanley J. Brown, Atty., N.L.R.B., Washington, D.C., for petitioner; Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, John D. Burgoyne, Lynn D. Poole, Attys., N.L.R.B., Washington, D.C., on brief.
 Allen Schwartz, Detroit, Mich., for respondent; Miller, Canfield, Paddock & Stone, William O. Hochkammer, Detroit, Mich., on brief.
 Bernard F. Ashe, Detroit, Mich., on brief for intervenor.
 Before CELEBREZZE and McCREE, Circuit Judges, and CECIL, Senior circuit judge.
 
 
 1
 PER CURIAM ORDER.
 
 
 2
 This case is before the Court on application to enforce an order of the National Labor Relations Board. The United Auto Workers have intervened.
 
 
 3
 The Board found that the Company had engaged in unlawful systematic interrogation of employees prior to an election and unlawfully granted fringe benefits to its employees immediately after the Board had set aside a prior election and directed a second election in violation of 8(a)(1) of the National Labor Relations Act. The Board further found that the Company's refusal to recognize the Union was motivated by its desire to gain time in which to undermine the Union's majority status in violation of 8(a)(5) of the Act. The Board, after N.L.R.B. v. Gissel Packing, 395 U.S. 575, 89 S.Ct. 1918, 23 L.Ed.2d 547 (1969), upon its own motion determined that the combination of unfair labor practices engaged in by the Company before and after the first election made the chances of holding a fair rerun election so slight that the employees' sentiment would be better protected by enforcing their prior card majority.
 
 
 4
 Considering the record as a whole we find there is substantial evidence to support the Board's findings and that its order to 'recognize and bargain' was, under the circumstances, within the discretion permitted the Board by Gissel Packing.
 
 
 5
 The petition of the National Labor Relations Board for enforcement of its Supplemental Decision and Order, 180 NLRB No. 19, is hereby granted.